[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 29, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16372
Non-Argument Calendar

_____

D. C. Docket No. 05-00194-CR-JTC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUSTAVUS K. JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 29, 2009)

Before HULL, WILSON and FAY, Circuit Judges.

PER CURIAM:

Gustavus Johnson, a federal prisoner convicted of, inter alia, crack cocaine

offenses, appeals pro se the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for sentence reduction. After review, we affirm.[1]

Under § 3582(c)(2), a district court may modify an already incarcerated defendant's term of imprisonment if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). However, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008), cert. denied, 129 S. Ct. 965 (2009), and , ___ S. Ct. ___, 2009 WL 301854 (U.S. Mar. 9, 2009) (No. 08-8554); see also U.S.S.G. § 1B1.10(a)(2)(B). A reduction is not authorized if the amendment does not lower a defendant's applicable guidelines range "because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10 cmt. n.1(A).

The district court did not err in concluding that Johnson was ineligible for a § 3582(c)(2) reduction. Johnson's § 3582(c)(2) motion is based on Amendment 706 to the Sentencing Guidelines, which reduced the base offense levels in

---

[1]"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

U.S.S.G. § 2D1.1(c) applicable to crack cocaine offenses. At sentencing, Johnson's offense level was based on the career offender offense level in U.S.S.G. § 4B1.1(c)(2)(A), not the offense level for his crack cocaine offenses found in U.S.S.G. § 2D1.1(c)'s drug quantity tables.[2] Although the sentencing court departed downward three levels, Johnson's sentencing range was not affected by Amendment 706. See Moore, 541 F.3d at 1327-30 (concluding that Amendment 706 has no effect on the sentencing range of a defendant sentenced as a career offender pursuant to U.S.S.G. § 4B1.1 even when the defendant received a § 5K1.1 downward departure and that the defendant thus is not eligible for a § 3582(c)(2) reduction).

Johnson's argument that he is eligible for a § 3582(c)(2) reduction based on United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), and Kimbrough v. United States, 552 U.S. ___, 128 S. Ct. 558 (2007), is foreclosed by our precedent. See United States v. Melvin, 556 F.3d 1190, 1192-93 (11th Cir. 2009) (concluding that "Booker and Kimbrough do not prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement

_____

[2]Because Johnson qualified as a career offender under U.S.S.G. § 4B1.1(a), and his multiple counts of conviction included an 18 U.S.C. § 924(c) firearms offense, his applicable guidelines range was the greater of that called for by either U.S.S.G. § 4B1.1(c)(2)(A) or § 4B1.1(c)(2)(B). U.S.S.G. § 4B1.1(c)(2). Because the range calculated pursuant to § 4B1.1(c)(2)(A) was the greater of the two, that range applied.

3

by the Sentencing Commission"), petition for cert. filed, (U.S. Feb. 10, 2009) (No. 08-8664); United States v. Jones, 548 F.3d 1366, 1369 (11th Cir. 2008) (concluding that Booker does not provide a basis on which to grant a § 3583(c)(2) motion), cert. denied, ___ S. Ct. ___, 2009 WL 469071 (U.S. Mar. 23, 2009) (No. 08-8865). To the extent Johnson argues that the district court at his original sentencing should have calculated his offense level using U.S.S.G. § 2D1.1, this argument is outside the scope of a § 3582(c)(2) proceeding. See 18 U.S.C. § 3582(c)(2) (limiting proceedings to cases where retroactive amendment affects the applicable sentencing range); United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) (explaining that § 3582(c)(2) proceedings do not constitute a de novo resentencing).

**AFFIRMED.**